# JAMES MATTHEWS
## v.
## CHARLES RICE ET AL.

VERDICT AGAINST EVIDENCE—ARCHITECTS' CERTIFICATE.—This was an action brought to recover for mason work upon a building. The contract provided for a submission of questions as to extra work and change in plan to the architects, and that their finding should be conclusive. The verdict being largely in excess of the amount found by the architects, and not warranted by the evidence, the judgment is reversed.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding. Opinion filed May 30. 1879.

Mr. F. J. CRAWFORD, for appellant.

Messrs. STEELE & JONES, for appellees.

PLEASANTS, J. This was an action of assumpsit brought by appellees against appellant upon a contract in writing to do the mason work in the erection of a building for him, according to specifications, and under the direction and to the satisfaction of the architects. No question of law is involved, and we reverse the judgment because we are unable to find in the record sufficient evidence to support the verdict on which it was rendered.

The original contract price was $8,350, and a change was made in the plan which added $900. There were some deductions for omissions, defects and delay in the work, and it was admitted on the trial that more than the original price had been paid. The controversy mainly related to items claimed to be due for extra work and material required by further changes in addition to the plan first proposed. The jury found for the plaintiffs $2,000, of which $385 was remitted, and the court, overruling a motion for a new trial, rendered judgment for $1,615.

Matthews v. Rice.

Plaintiff Robinson, upon whose testimony alone, as to the facts, their claim was rested, states the amount of their account at $10,787.70, thus including, besides the full amount of the original and additional contracts, for sundry items of extra work and material specified the further sum of $1,537.70, which is within $100 of the amount of the judgment. The contract provided that the architects might reject work and materials if deficient or unskillful, etc.; that in case of any difference of expense, or addition to or abatement from the contract amount, the same should be made in ratio or proportion as such work may bear to the work contracted to be done, to be determined by the architects, but no *extra* or addition to be admitted or allowed unless executed under the authority of the architects, and that their opinion, decision and certificate should in all matters be binding and conclusive.

After the work was completed, or nearly so, the architects made out a statement as and for such opinion, decision and certificate, covering the whole case, and stating the account between the parties, by which it appears that, taking the amounts of the original and additional contracts—$8,350 and $900 ........................................ $9,250.00
And allowing the contractors for extras ........... 294.71

Making in all............................. $9,544.71
They allowed appellant, on account of estimates furnished by them............. $8,401.91
For deductions for work omitted, or badly done.............................. 337.65
And for penalty for delay, as per contract,   260.00 $8,999.56

Showing a balance due contractors of only..... $545.15
It is true that among the items of estimates so credited to appellant are three which were in fact not paid by him amounting together to $472.75, but it is also true that among the items admitted to have been paid are several not included in the architects' statement, which exceed that amount by $56.55, so that with these corrections of the architects' statement, the balance due contractors would be $488.60. The number of days

delay in the completion of the work is in this statement admitted to be disputed and on this point the evidence is conflicting; but supposing that the amount of penalty allowed appellant is too large by thirteen days, or $130, the balance due appellees by the corrected statement would be only $618.60 ($488.60+$130).

The contract made the decision of the architects, upon all matters, conclusive. Conceding that evident mistakes ought to be corrected, why is not this $618.60 the utmost to which appellees were entitled? What other errors are shown, except by the statement of an interested party against those of the two architects? How is the additional sum of a thousand dollars, for which judgment was rendered, to be supported or accounted for? Counsel for appellees accounts for it by adding to the balance found by the statement of the architects—$545.15—the following items, viz:

1. The three items of estimates credited to appellant, but which were not paid, $472.75; and interest thereon, $165= $637.75.

2. What he calls a mistake in the terra cotta contract—that is, the difference between the alleged contract price, $600, and the amount allowed by the architect, $294.71—and which he says "they admitted to be wrong," being $305.29.

3. The cost of building one foot extra on the front elevation, being $78.75.

4. The cost of setting the iron columns, $50.

Which together, make $1,616.94, or $1.94 more than the judgment.

But as we have seen, as to the first of these items, $637.75, it was over-balanced by items admitted to have been paid, which were not included in the architect's statement.

As to the second, $305.29, we do not find in the abstract that it was "admitted to be wrong," as alleged in the brief of counsel, but the contrary.

As to the third, the testimony of the architect, Austin, flatly contradicts that of the plaintiff, Robinson. So, also, as to the third, $78.75.

In addition to the fact that the contract makes the decision of the architects conclusive, it is to be observed that by all the

Matthews v. Rice.

tests the evidence of the architects would be entitled to greater weight than that of the party, Robinson. Besides, it is clear from the testimony of the former, that in the architects' statement the full amount of the contract price was taken as a compromise and for the purpose of settlement; that there were such defects in the work as would have forbidden its acceptance by them except as a compromise in view of the deductions and extras allowed.

The burden of proof was on the plaintiffs, and the clear preponderance was against them.

Without intending to say just what the verdict should have been, we are clearly of opinion that upon this evidence, the damages found were greatly excessive, and so was the judgment, notwithstanding the *remittitur*. The verdict, therefore, ought to have been set aside, and for the error of the court in overruling the motion to that end, the judgment is reversed and the cause remanded.

                    Reversed and remanded.